HAZOURI, J.
Harma Miller and Mary R. Wilkerson (appellants) were candidates for mayor and commissioner of Belle Glade, respectively, and have appealed the dismissal of their three-count complaint upon appellees’ motion to dismiss. Appellants’ complaint includes an election contest pursuant to section 102.168, Florida Statutes (1999) (Count I), a petition for a writ of mandamus (Count II), and a petition for writ of quo warranto (Count III). We affirm the dismissal of counts II and III without discussion.
In their complaint appellants allege that the election at issue was held on September 12, 2000. The exhibits attached to the complaint indicate that appellants filed a formal protest to the election with the City of Belle Glade Canvassing Board (the Board) on September 15, 2000, pursuant to section 102.167, Florida Statutes. (1999). On September 20, 2000, the Board met and recounted the votes. The Board certified the election results later that day. Appellants filed their complaint on Monday, October 2, 2000.[1] The trial court dismissed the election contest in count I on the ground that it was untimely filed under section 102.168(2). Appellants argue on appeal that the complaint was timely filed. We agree and reverse the dismissal of count I.
Section 102.168(2), Florida Statutes (1999),[2] provides:
(2)Such contestants shall file a complaint, together with the fees prescribed in chapter 28, with the clerk of the circuit court within 10 days after midnight of the date the last county canvassing board empowered to canvass the returns certifies the results of the election being contested or within 5 days after midnight of the date the last county canvassing board empowered to canvass the returns certifies the results of that particular election following a protest pursuant to s. 102.166(1), whichever occurs later.
In its order granting the motion to dismiss, the trial court held that “[b]eeause the protest filed by the [appellants] in the instant action was filed pursuant to § 102.166(1), the aforesaid 5 day rule governs.” This is an incorrect application of the statute. It suggests that just because a protest was filed, the five day time limit must apply. That causes the “whichever occurs later” provision to become superfluous.
In Gore v. Harris, 772 So.2d 1243 (Fla.2000), reversed on other grounds, Bush v. Gore, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000), remanded, Gore v. Harris, 773 So.2d 524 (Fla.2000), the supreme court analyzed the “protest” and “contest” provisions. It held:
The Florida Election Code sets forth a two-pronged system for challenging vote returns and election procedures. The “protest” and “contest” provisions *513 are distinct proceedings. A protest proceeding is filed with the County Canvassing Board and addresses the validity of the vote returns. The relief that may be granted includes a manual recount. The Canvassing Board is a neutral ministerial body. A contest proceeding, on the other hand, is filed in circuit court and addresses the validity of the election itself. Relief that may be granted is varied and extensive. No appellate relationship exists between a “protest” and a “contest”; a protest is not a prerequisite for a contest. Moreover, the trial court in the contest action does not sit as an appellate court over the decisions of the Canvassing Board. Accordingly, while the Board’s actions concerning the elections process may constitute evidence in a contest proceeding, the Board’s decisions are not to be accorded the highly deferential “abuse of discretion” standard of review during a contest proceeding.
Id. at 1252 (citations omitted). Thus, a contest and when it can be filed is not contingent on whether or not a protest is filed.
Under section 102.166, Florida Statutes (1999), which includes the procedure for filing a protest of election returns with the canvassing board, subsection (2) provides:
Such protest shall be filed with the canvassing board prior to the time the canvassing board certifies the results for the office being protested or within five days after midnight of the date the election is held, whichever occurs later.
Section 102.166 indicates that a protest can actually be filed after an election is certified if the election was certified within the five days after the election is held. This would result in a second certification upon a resolution of the protest. As a result, under section 102.168(2), when the canvassing board certifies the results of that particular election following the protest, a contestant has only five days within which to file his contest if that occurs later than the ten days from the original certification. That does not preclude a contestant from using the ten-day period from the certification of the results of the election being contested even though the contestant has also previously filed a protest. This interpretation also gives meaning to the “whichever occurs later” provision, and gives the contestant a choice of which time limit under which to proceed.
Therefore, appellant’s filing of the complaint on October 2, 2000, was within ten days of the certification of the election results and was therefore timely. We reverse the dismissal of count I of the complaint and remand for further proceedings.
AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
GUNTHER and KLEIN, JJ., concur.

. The tenth day from the date of certification fell on Saturday, September 30. If the ten day limit is applied a complaint would be timely if filed on Monday, October 2. See Fla. R. Civ. P. 1.090(a).

. The Florida Legislature has amended section 102.168(2) and deleted the entire five-day alternative time limit effective January 1, 2002. See Ch. 2001-40, § 44, Laws of Fla.